IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HOWARD BODDIE, JR.,

                              CASE NO. 2:13-CV-1243
    v.                      JUDGE ALGENON L. MARBLEY
                              MAGISTRATE JUDGE KEMP

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

OPINION AND ORDER

On February 25, 2015, the Magistrate Judge issued an *Order and Report and Recommendation* granting Petitioner's *Motion for Leave to Supplement Traverse*, ECF 15, denying Petitioner's request for judicial notice, *id.*, and recommending that the instant petition for a writ of habeas corpus be dismissed. This matter is before the Court on Petitioner's *Objections,* as corrected, to the Magistrate Judge's *Report and Recommendation*. ECF 17, 18.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objections*, as corrected, ECF 17, 18, are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner challenges his conviction after a jury trial on having a weapon while under disability. The trial court sentenced him to two years incarceration, to be served consecutively to his sentence in related criminal case. The Ohio Tenth District Court of Appeals affirmed the judgment of the trial court, and the Ohio Supreme Court declined

1

to accept jurisdiction of the appeal.  ECF 9-1, *Exhibit 20 to Return of Writ.*  On December 13, 2014, Petitioner filed the instant *pro se* petition for a writ of habeas corpus, asserting that he was denied the effective assistance of counsel, that his conviction is against the manifest weight of the evidence, and that the evidence is constitutionally insufficient to sustain his conviction.  The Magistrate Judge recommended dismissal of these claims as procedurally defaulted or without merit.  Petitioner objects to those recommendations.  He contends that dismissal of his habeas corpus petition will constitute a denial of his rights under the First Amendment and complains that the recommendation of dismissal reduces the proceedings to a "sham legal process."  *Corrected Objections*, ECF 18, PageID# 918.

The Magistrate Judge recommended dismissal, on grounds of procedural default, of Petitioner's claim of ineffective assistance of counsel based on (1) Petitioner's attorney's failure to challenge the prior criminal conviction which served as the basis for the charge, (2) the attorney's failure to locate and call defense witnesses, and (3) to establish that the alleged victim was incapacitated.  The Magistrate Judge concluded that these claims had not properly been presented to the Ohio Supreme Court.  Petitioner argues that he fairly presented these issues to the Ohio Supreme Court by attaching to his Supreme Court filings a copy of the *pro se* supplemental brief he had filed in the state appellate court.  He also contends that the Ohio Supreme Court's summary dismissal of his appeal did not constitute enforcement of a procedural default.

2

Petitioner also objects to the Magistrate Judge's recommendation of dismissal, on the merits, of his claim of insufficiency of the evidence. He argues that the Magistrate Judge improperly failed to conduct a *de novo* review or apply the "no evidence rule" under *Speigner v. Jago*, 630 F.2d 1208 (6th Cir. 1979), and improperly denied his request for expansion of the record and discovery. PageID# 730-32. Petitioner argues that the findings of the state appellate court are unreasonable. He has attached documents he filed in the state courts in support of his *Objections.* He complains that the Magistrate Judge failed to address his claim that he was denied the effective assistance of counsel based on his attorney's failure to challenge the indictment. PageID# 733. He asserts that he is the victim of a manifest miscarriage of justice. PageID# 731 *Id.*

The record plainly reflects that Petitioner failed to present his allegations of ineffective assistance of counsel (the ones he presented in ground five of his habeas corpus petition) to the Ohio Supreme Court, including any claim regarding his attorney's failure to object to the indictment. He did not raise, or even mention, these issues in his propositions of law filed with the Ohio Supreme Court. The fact that he attached the record of proceedings in the state court of appeals, including his *pro se* supplemental brief, did not put that court on notice that he intended to seek review of the issues raised in that brief. S.Ct. Prac.R. 7.02 states that a memorandum in support of jurisdiction must include "numbered propositions of law arranged in order" and "a brief and concise argument in support of each proposition of law." There is no dispute that the claims Petitioner raises here were not presented in that fashion, and the Ohio

3

Supreme Court does not consider issues not raised in the numbered propositions of law. *Estate of Ridley v. Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities*, 102 Ohio St.3d 230 (2004). Further, the Ohio Supreme Court's summary dismissal of an appeal does not indicate a waiver of the procedural default.

As to the claims where dismissal on the merits is recommended, this Court conducts a merits review under the standards set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d), (e), which requires that deference to be given to the state courts' decisions. Under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979), the record reflects that the evidence was constitutionally sufficient to sustain Petitioner's conviction. Review of Petitioner's claim under the "no evidence" standard of review discussed by the United States Court of Appeals for the Sixth Circuit in *Speigner*, decided prior to the effective date of the AEDPA, indicates that "a state violates a defendant's constitutional due process when it convicts the defendant of a crime without evidence to support an essential element of the crime." *Speigner*, 630 F.2d at 1210 (citations omitted). Such are not the circumstances here.

Prior to the Magistrate Judge's *Report and Recommendation*, Petitioner did not request discovery or file a motion to expand the record, and he does not now indicate what would be the nature of such a request. Moreover, the record does not reflect that further expansion of the record or discovery material is required for the resolution of

this action, especially as it relates to the sufficiency of the evidence presented to the state court, which is determined on the basis of the existing record.

Finally, the record does not indicate that Petitioner has established he is the victim of a manifest miscarriage of justice so as to warrant a merits review of his otherwise procedurally defaulted claims. Petitioner has presented no new reliable evidence indicating that he is actually innocent of the charge against him, and the record does not reflect that this case is of such a rare or extraordinary nature. *See Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005). This Court's denial of Petitioner's habeas corpus petition does not constitute a deprivation of his constitutional rights.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For all of the foregoing reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objections*, as corrected, ECF 17, 18, are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

   **IT IS SO ORDERED.**

                                           s/Algenon L. Marbley
                                           ALGENON L. MARBLEY
                                           United States District Judge