IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HOWARD BODDIE, JR.,**

    **Petitioner,**

CASE NO. 2:13-CV-1243
JUDGE ALGENON L. MARBLEY
MAGISTRATE JUDGE KEMP

**OPINION AND ORDER**

This matter is before the Court on Petitioner's *Motion for Reconsideration* of the Court's July 24, 2015, denial of his request for a certificate of appealability. For the reasons that follow, Petitioner's *Motion for Reconsideration* (ECF No. 29) is **DENIED.**

Fed.R.App.P. 4(a)(1)(A) provides that an appeal must be filed within thirty days after entry of judgment of the order being appealed. Here, that date is May 18, 2015. *See* Fed.R.App.P. 26(a)(1).[1] Petitioner filed his *Notice of Appeal* one day later, on May 19, 2015.

> A timely notice of appeal is a mandatory and jurisdictional prerequisite which the court of appeals can neither waive nor extend. *Bowles v. Russell*, 551 U.S. 205, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007) (distinguishes time limits established by statute from those in court rules; dissent distinguishes statutes of limitation subject to equitable tolling without comment by majority); *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 52 (1978); *Baker v. Raulie*, 879 F.2d 1396, 1398 (6th Cir.1989) (per curiam); *McMillan v. Barksdale*, 823 F.2d 981, 982 (6th Cir.1987); *Myers v. Ace Hardware,* 777 F.2d 1099, 1102 (6th Cir.1985*); Peake v. First Nat'l Bank & Trust Co.,* 717 F.2d 1016, 1018 (6th Cir. 1983).

*Ohio v. Ealy*, 3:09-cv-99, 2009 WL 1886138, at *1 (S.D. Ohio June 23, 2009).

---

[1] The Court's previous reference to May 17, 2015, as the date that Petitioner was required to have filed the *Notice of Appeal* appears to have been in error.

1

Pursuant to Rule 4(a)(5)(A), a party may file a motion for extension of time to file the appeal if the motion is filed no later than 30 days after the time prescribed by Rule 4(a) expires and the party shows excusable neglect or good cause for the untimely filing. "Good cause will be found where forces beyond the control of the appellant prevented [him] from filing a timely notice of appeal."  *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006)(citation omitted).  "'Excusable neglect' applies in situations where there is fault on the part of the party, occasioned by something within their control." *Jackson v. United States*, Nos. 1:10-cv-4; 1:00-cr-23, 2011 WL 3300368, at *2 (E.D. Tenn. Aug. 1, 2011).  "The standard is strict and can be met only in extraordinary cases."  *Id.* (citing *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989). Petitioner has failed to establish either good cause or excusable neglect for his untimely appeal.

Petitioner alleges that he is subject to retaliation and that prison officials prevented him from timely filing of the *Notice of Appeal*.  *Motion for Reconsideration* (ECF No. 29.)  Petitioner maintains that he begged Cathy Pummill, the librarian of the Chillicothe Correctional Institution, to file his *Notice of Appeal,* but she refused to do so until May 19, 2015, after the time period to file the appeal had expired.  On Monday, May 18, 2015, Pummell advised him he could not file the appeal because the fax machine was not working.  According to Petitioner, Pummell's *Affidavit* constitutes a fraud.  He claims that prison officials refused to fax his *Notice of Appeal* on Friday, May 15, 2015.  In support, Petitioner refers to the exhibits attached to his *Affidavit* (*see* ECF No. 24-1, PageID# 1021-26), and to his *Motion for Reconsideration*.  (ECF No. 29-1, PageID# 1081-84.)

2

These exhibits indicate as follows: On May 12, 2015, Petitioner apparently inquired regarding the balance in his prison fund account. That document itemizes monies withdrawn and indicates that, as of May 14, 2015, Petitioner had a remaining balance of $1.13 based, in part, on his earlier withdrawal of $3.00 for copies. *Exhibit A* (ECF No. 24-1, PageID# 1021.) On May 26, 2015, Petitioner appears to have filed a complaint regarding denial of access to the courts, complaining that the fax was unavailable on May 15, 2015. He complained that he was being subject to retaliation and that the library was being closed ten minutes early. *Exhibit B*, PageID# 1022. Petitioner has also submitted a *Notification of Grievance* dated April 22, 2015, in which he appears to allege that he is being denied access to the courts because the library refuses to process cash slips it has not received. *Exhibit C*, PageID# 1024.[2] He has submitted a *Personal A/C Withdrawal Check Out-Slip* which appears to indicate that he withdrew $3.00 on May 14, 2015, for copies and that, as of June 8, 2015, he had a zero balance. *Exhibit D*, PageID# 1025. He has attached what purports to be a letter dated June 2, 2015, to the warden requesting a response to his May 26, 2015, complaint of retaliation. *Exhibit E*, PageID# 1026. Petitioner also has attached to his *Motion for Reconsideration* what purports to be a letter dated July 6, 2015 to the cashier requesting that $1.35 be credited to his account because he submitted the cash slip to the librarian on June 29, 2015, but it was not processed until July 2, 2015. (ECF No. 29-1, PageID# 1081.) He has submitted a *Formal Complaint Resolution* dated July 20, 2015, complaining that on July

---

[2] Parts of the document are indecipherable, and Petitioner has not attached any response to the *Notification of Grievance.*

3

18, 2015, "CO Ferguson" refused to permit Petitioner to use the library to complete an assignment for Ashland University. The response indicates that Petitioner needed to submit an informal complaint to "Ms. Parks." *Exhibit G*, PageID# 1082. Finally, Petitioner has submitted a *Personal A/C Withdrawal Check Out-Slip* dated October 25, 2013, for $1.92. *Exhibit H*, PageID# 1083.

Pummell indicates in her *Affidavit* that the prison's digital sender enables inmates to have their legal documents filed with the court on the same day they are sent. She transmits all court filings on the same day they are provided by an inmate and has never held a document overnight or over the weekend. Pummell indicates that she scanned and transmitted Petitioner's *Notice of Appeal* to the Clerk on Tuesday, May 19, 2015. Six computers are available to the prisoners, and Petitioner had access to the prison's law library on Mondays, Wednesdays, Fridays, and Saturdays; where an inmate has a filing deadline, however, she will transmit the filing. *Affidavit* (ECF No. 25-1, PageID# 1038-39.) PageID# 1039. On Thursday, May 14, 2015, the library remained open all day and digital sending services were available. *Id.* No digital sending services were available on Friday May 15, through Sunday May 17, 2015; however the library does not provide digital sending services on Sundays. Pummell indicates that, on Monday, May 18, 2015, the library was open all day with full services available. She worked in the library that day from 6:20 a.m. until 4:20 p.m., and the digital sender was available and working. *Id.* She did not turn Petitioner away from using the digital sender and has never turned any inmate away from using the digital sender. *Id.*

4

In *Bounds v. Smith*, 430 U.S. 817, 828 (1977), the United States Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* (footnote omitted).  However, "the right of prisoners to prepare legal documents is not unrestricted."  *Britford v. Collins*, 2010 WL 1372436, at *3 (S.D. Ohio March 29, 2010)(citations omitted).   "Restrictions on the time, place, and manner in which inmates may engage in legal research and preparation of legal papers are constitutional ... so long as the restrictions do not unreasonably frustrate the right of access to the courts.'"  *Eberle v. Wilkinson*, 2005 WL 1984435, at *3 (S.D. Ohio Aug. 17, 2005)(citing *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985)).  Such are not the circumstances here.

None of the documents submitted by Petitioner support his claim of retaliation or demonstrate that prison officials prevented him or unreasonably frustrated his ability to timely file his *Notice of Appeal*.  Prison officials did not deny Petitioner adequate access to the prison's law library, or to the faxing service.  Petitioner had thirty days within which to file an appeal.  A notice of appeal is a simple document, the filing of which constitutes a "modest task."  *See Isert v. Ford Motor Co.*, 461 F.3d 756, 758 (6th Cir. 2006); Fed. R.App. P. 3(c).  However, there is no reason he could not have had it transmitted electronically to the Court well before the filing date.

Therefore, Petitioner's *Motion for Reconsideration* (ECF No. 29) is **DENIED.**

**IT IS SO ORDERED.**

DATED:  September 4, 2015

                                         **s/Algenon L. Marbley**
                                         ALGENON L. MARBLEY
                                         United States District Judge